KAUFMAN BORGEEST & RYAN LLP
Bassel Bakhos
9 Campus Drive
Parsippany, New Jersey 07054
Telephone No. (973) 451-9600
Facsimile No. (973) 451-0150
bbakhos@kbrlaw.com
*Attorneys for Defendant*
*Zee Jay Jersey Realty, LLC*

UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and RONALD MOORE, Individually<br><br>Plaintiffs,<br><br>v.<br><br>ZEE JAY JERSEY REALTY, LLC, a New Jersey Limited Liability Company,<br><br>Defendant. | **CASE NUMBER: 3:15-cv-06389-FLW-TJB**<br><br>**ANSWER** |

Defendant Zee Jay Jersey Realty, LLC, through its attorneys, Kaufman Borgeest & Ryan LLP, responds as follows to Plaintiffs' Complaint:

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, et seq.**

1. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 1 of the First Amended Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

2. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

3. Defendant denies the allegations in paragraph 3 of the Complaint, except to admit that Zee Jay Jersey Realty, LLC owns and/or operates the subject property at issue in this matter, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

4. Defendant denies the allegations in paragraph 4 of the Complaint except to admit that venue is proper in this judicial district of New Jersey.

5. Defendant admits that actions under the ADA are generally within this Court's subject matter jurisdiction, denies that it has violated the ADA, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

6. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint except to deny all allegations referring to barriers to access and alleged violations of the ADA, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

7. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint except to deny all allegations referring to barriers to access and alleged violations of the ADA, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

8. Defendant denies the allegations in paragraph 8 of the Complaint as phrased, responds that the ADA and applicable statutes and regulations speak for themselves, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

9. Defendant denies the allegations in paragraph 9 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

10. Defendant denies the allegations in paragraph 10 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

11. Defendant denies the allegations in paragraph 11 of the Complaint, including subparts 1-5 under the heading Parking and Exterior Accessible Route, subparts 1-2 under the

heading Access to Goods and Services, and subparts 1-5 under the heading Restrooms, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

12. Defendant denies the allegations paragraph 12 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

13. Defendant denies the allegations in paragraph 13 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

14. Defendant denies the allegations in paragraph 14 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

15. Defendant denies the allegations in paragraph 15 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

16. Defendant denies the allegations in paragraph 16 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

17. Defendant denies the allegations in paragraph 17 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

18. Paragraph 18 of the Complaint contains only legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 19 of the First Amended Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

Defendant denies the allegations contained in the Wherefore clause of Count I of the Complaint, denies that Plaintiff is entitled to any relief, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

## COUNT II
## VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

19. Defendant repeats and realleges its responses to all previous allegations as if set forth fully herein.

20. Defendant denies the allegations in paragraph 20 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

21. Paragraph 21 of the Complaint contains only legal conclusions to which no response is required. To the extent that any such response is required, Defendant denies the allegations contained in paragraph 21 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint, refers all questions of law to the Court, and leaves Plaintiffs to their proofs.

Defendant denies the allegations contained in the Wherefore clause of Count II of the Complaint, denies that Plaintiff is entitled to any relief, refers all questions of law to the Court, and leaves Plaintiff to his proofs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim, in whole or in part, upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zee Jay Jersey Realty, LLC to the extent that the alleged barriers, if any, are the obligations and/or breaches of others for which Zee Jay Jersey Realty, LLC is not responsible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications that are either not readily achievable, technically infeasible, or not required under the ADA or other applicable law, which would create an undue hardship on the owner(s), lessee(s), operator(s) of the property, and/or which would fundamentally alter the way that goods and services are provided at the property.

## FOURTH AFFIRMATIVE DEFENSE

Zee Jay Jersey Realty, LLC acted in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action and has failed to properly allege standing to assert any or all of the causes of action contained in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred or diminished by the applicable statute of limitations and to the extent that Plaintiffs have failed to comply with administrative and statutory pre-requisites and conditions precedent to suit.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the modifications and relief sought by Plaintiffs in the Complaint are not required by the ADA or applicable state and local laws in order to be in compliance with those laws.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the Complaint alleges barriers to access, Plaintiffs fail to allege barriers within the meaning of the ADA, any federal regulations promulgated thereunder, and/or within the meaning of state and local laws, and/or interference with Plaintiffs' access to goods and/or services at the property.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs failed to request or accept any reasonable modification of policies, procedures, or practices, and/or failed to provide sufficient notice to enable Zee Jay Jersey Realty, LLC to remove barriers and/or provide alternatives, or to provide sufficient information to enable Zee Jay Jersey Realty, LLC to be aware of or investigate Plaintiffs' request, and/or failed to cooperate in the interactive process to determine an appropriate accommodation.

3556124

### TENTH AFFIRMATIVE DEFENSE

Zee Jay Jersey Realty, LLC has provided accessibility to the extent required by law and any greater accessibility is not feasible, not required, or is excused as provided for by applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

Zee Jay Jersey Realty, LLC has acted in good faith and/or its conduct has been in conformity with all applicable statutes, government regulations, and industry standards during the time period at issue in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Zee Jay Jersey Realty, LLC has not denied access to Plaintiff Moore, or any person with his purported condition, to a service offered by a place of public accommodation and has not engaged in intentional discrimination with respect to the accessibility of the property.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed, in whole or in part, because they are estopped as to such claims by their own actions, bad faith, unclean hands, laches and/or waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, all actions taken with regard to the design and construction of the property in question were taken in good faith and for legitimate, lawful business reasons and predate the passage of the ADA and may not be a basis for liability.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiff Moore was not a *bona fide* patron of the facility in question and, if he visited the facility, he visited for purposes of instituting the instant action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff Moore is not a qualified individual with a disability entitled to relief within the meaning of federal, state, or local law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Zee Jay Jersey Realty, LLC is not the cause of Plaintiffs' alleged damages. Plaintiffs' damages, if any, have been caused by the acts of Plaintiffs and/or third persons over whom Zee Jay Jersey Realty, LLC has no control or responsibility and/or other circumstances for which Zee Jay Jersey Realty, LLC is not responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent the Complaint seeks injunctive relief, Plaintiffs fail to show the violation of a right presently occurring, or threatened and imminent, that he has no adequate remedy at law, that serious and irreparable injury will result if the injunction is not granted, and/or that the equities are balanced in Plaintiffs' favor.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent the Complaint seeks declaratory judgment, Plaintiffs fail to show a justiciable controversy.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent the Complaint seeks punitive damages under federal, state, or city law, Plaintiffs have failed to allege sufficient facts showing that Zee Jay Jersey Realty, LLC acted with malice or reckless indifference to Plaintiffs' rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have not been denied the full and safe access to the benefits, accommodation, and services of the property.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages, if any, which they may have sustained as a result of the matters alleged in the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Zee Jay Jersey Realty, LLC is not in violation of Title III of the ADA and all other applicable state and local public accommodation laws

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Zee Jay Jersey Realty, LLC is not the proper party as it does not own, lease, or hold title to the premises that is the subject of Plaintiffs' Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Zee Jay Jersey Realty, LLC reserves the right to assert additional defenses, whether affirmative or otherwise, which may become available during the course of this litigation through discovery or any other means.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Zee Jay Jersey Realty, LLC denies all other allegations in the Complaint that are not specifically admitted or otherwise responded to in this Answer.

**WHEREFORE**, Zee Jay Jersey Realty, LLC, respectfully requests that the Court dismiss the Complaint in its entirety, together with an award of reasonable attorneys' fees, costs and disbursements of this action, and such other and further relief as the Court shall deem just and proper.

**DEMAND FOR JURY TRIAL**

Zee Jay Jersey Realty, LLC demands a trial by jury on all claims against it.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

s/Bassel Bakhos
Bassel Bakhos
9 Campus Drive
Parsippany, NJ 07054
Telephone No.: (973) 451-9600
Facsimile No.: (973) 451-0150
Email: bbakhos@kbrlaw.com
*Attorneys for Defendant*
*Zee Jay Jersey Realty, LLC*

Dated: June 28, 2016
Parsippany, NJ

3556124

## LOCAL CIV. RULE 11.2 CERTIFICATION

By signing below, counsel for Defendant affirms that the within matter in controversy is not the subject of any action pending in any court or any other pending arbitration or administrative proceeding.

s/Bassel Bakhos<br>
Bassel Bakhos

Dated: June 28, 2016
       Parsippany, NJ

**CERTIFICATION OF SERVICE**

I hereby certify that on this date, I caused a copy of the foregoing Answer to First Amended Complaint to be served on the following parties through the ECF/CM system:

Asaad K. Siddiqui, Esq.
Pashman Stein Walder Hayden
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601-7054

John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
1200 Biscayne Boulevard, Suite 502
North Miami, Florida 33181

s/Bassel Bakhos
Bassel Bakhos
KAUFMAN BORGEEST & RYAN LLP
9 Campus Drive
Parsippany, NJ 07054
Telephone No.: (973) 451-9600
Facsimile No.: (973) 451-0150
bbakhos@kbrlaw.com
*Attorneys for Defendant*
*Zee Jay Jersey Realty*

Dated: June 28, 2016
Parsippany, NJ